# CILENTI & COOPER, PLLC

ATTORNEYS AT LAW
10 Grand Central
155 East 44th Street -6th Floor
New York, New York 10017

Telephone (212) 209-3933
Facsimile (212) 209-7102

May 6, 2021

**REQUEST FOR APPROVAL OF
FLSA SETTLEMENT**

**BY ECF**
Honorable Edgardo Ramos
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    **Raul Armenta Anastacio v. Ephesus Corp., et. al.
                Case No.: 19 Civ. 9745 (ER)**

Dear Judge Ramos,

      We are counsel for the plaintiff in the above-captioned matter. We write jointly with counsel for the defendants, to respectfully request that Your Honor approve the settlement reached in this case, and dismiss the action in its entirety with prejudice upon consummation of the settlement.

**Nature of the Action and Settlement**

      This is an action for unpaid wages under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.*, ("FLSA"), and the New York Labor Law, §§ 190, *et seq.*

      The case was brought by one individual for unpaid minimum wages and overtime compensation. It was framed as a collective action but no application to certify the case for notice to potential collective action members was made and no other individuals are affected by the settlement.

      Plaintiff worked for the defendant-company, owned by defendant Yonca Erdik. The parties exchanged payroll records and exchanged calculations of alleged damages. There were disputes about and number of hours worked and wages paid. The parties, through counsel conducted discovery and also sought resolution, assisted by an experienced employment law mediator, the Magistrate Judge, and through direct negotiations through counsel in this case.

To compromise the claim, after arms-length negotiations during the last year and a half while also conducting substantial discovery, the parties agreed to resolve the case for payment of thirty thousand dollars. The proposed distribution of the settlement proceeds is:

- $19,488, to Raul Armenta Anastacio
- $10,512 to Cilenti & Cooper, PLLC in satisfaction of fees and costs.

Plaintiff has been removed to Mexico and is not authorized to travel to the United States. He participated in the litigation remotely and has expressed satisfaction with the proposed resolution of this matter and the representation he received by our office. We note that the settlement will be paid in one installment currently held in escrow by counsel for defendants, removing the possibility of default or non-payment.

Had litigation proceeded, it is certain that attorneys' fees on both sides would have increased, but the plaintiff himself may not have fared significantly better. The range of recovery for plaintiff was $12,000 - $20,000, depending on whose allegations the ultimate trier of fact credited and how damages were calculated based upon the alleged payroll practices. As such, the settlement reached makes plaintiff whole, with a portion of liquidated damages, even accepting in full his own calculations and allegations.

Other factors favored settlement rather than proceeding to judgment. For example, as with any small defendant, plaintiff and his counsel had legitimate concerns about the collectability of a significant judgment against the defendants. *Cabrera v. Roselea Int's Services*, 2011 WL 7096634 at *4 (M.D. Fla. Dec. 30, 2011) There is always risk that a corporate defendant will not have sufficient collectable assets for this uninsured claim. The fact that plaintiff resides out of the country and does not have local witnesses prepared to testify on his behalf also complicated his path to recovery.

**Litigation Risks and Possibility of Fraud or Collusion**

The adversarial nature of the litigation and the likelihood that plaintiff would have had to participate at a trial from Mexico also weigh in favor of finding the proposed settlement to be fair and reasonable and not the result of overreaching on the part of the employer or some kind of collusion on the part of counsel with the owner. Indeed, the case ultimately settled after multiple meetings between counsel following well over a year of discovery and following multiple negotiation proceedings (court-ordered mediation; settlement meeting with the Magistrate Judge; ongoing negotiations between experienced counsel). Both sides were represented by attorneys well prepared to discuss the risks and possible outcomes (appreciating their own strengths and weaknesses), had we not resolved.

The settlement is unquestionably the product of arms-length negotiations between the parties engaged in litigation. The parties' *proposed* settlement agreement is annexed hereto as Exhibit "A". As the court can observe, there is no confidentiality provision. While the Second Circuit's ruling in *Cheeks v. Freeport Pancake House, Inc.* did not outline specific factors for

Hon. Edgardo Ramos
May 6, 2021
Page 3

approving a settlement, certain red-flag issues were identified, such as confidentiality, and attorneys' fees over 40%. 796 F.3d at 206. The proposed Settlement Agreement in this case contains no such red-flags.

**Attorneys' fees**

Both the FLSA and the Labor Law provide for awards of attorneys' fees and costs to plaintiffs who prevail on their claims under those statutes. *See* 29 U.S.C. § 216(b) In the case at bar, prosecution of this matter began with drafting and filing of the complaint; managing document discovery; drafting of documents and participating in the SDNY mediation program and Magistrate Judge's settlement conference, and will continue until dismissal of this case.

Through present, Cilenti & Cooper, PLLC incurred over fifty-five (55) hours of attorney time, in addition to out-of-pocket expenses. Plaintiff is indigent and Cilenti & Cooper, PLLC has not received any remuneration for its time, or reimbursement of its expenses.

Plaintiff's attorney Peter H. Cooper, Esq. was admitted to the Southern District of New York in July 1997. He has litigated cases from inception through disposition in New York State Supreme Court, the Appellate Divisions of the New York Supreme Court, and the Federal District Courts for the Southern and Eastern Districts of New York. He has also appeared before the New York Court of Appeals. Mr. Cooper began his career as a litigation associate with the firm Martin, Clearwater and Bell. Since 2009, he has been a partner at Cilenti & Cooper, PLLC, which focuses on employment matters. All work performed on this matter was conducted by Peter Cooper and his assistant Marcela Cardoso, whose billable rates are $400.00 per hour and $100.00 per hour, respectively, for this case. Cilenti & Cooper, PLLC respectfully submits its invoice for legal services, annexed as Exhibit "B". Cilenti & Cooper, PLLC's proposed fee represents one-third (1/3) of the total settlement and reimbursement of expenses, pursuant to the firm's retainer with the plaintiff and representing a reduction of actual fees were the firm to have billed this matter on an hourly basis.

We thank the court for its consideration of the case, and we will seek an order of dismissal after payment is tendered. The parties intend to file the proposed dismissal provided as Exhibit "C" promptly upon payment, signaling that the settlement has been effectuated and the case should be closed.

Respectfully submitted,

CILENTI & COOPER, PLLC

By: _____
Peter H. Cooper

cc:    All counsel