UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAUL ARMENTA ANASTACIO, *individually and on behalf of all others similarly situated*,

                Plaintiff,

– against –

EPHESUS CORP., *d/b/a Seven Hills Mediterranean Grill*, and YONCA E. ERDICK,

                Defendants.

**ORDER**

19 Civ. 9745 (ER)

RAMOS, D.J.:

    Raul Armenta Anastacio brought this action on October 22, 2019 pursuant to the Fair Labor Standards Act ("FLSA") and related provisions of the New York Labor Law ("NYLL"). *See* Compl., Doc. 1. Armenta alleges that Defendants owe him wages for all hours worked and at a minimum wage rate, overtime compensation, spread of hours pay, and damages for wage notice violations. *Id.* Following an unsuccessful mediation, the parties began discovery in May 2020. Doc. 19. The Court referred the parties to Magistrate Judge Kevin Fox for additional settlement talks after the discovery period ended. Doc. 20. Before the Court is the parties' motion for approval of a proposed settlement agreement. Doc. 29. For the reasons set forth below, the motion is DENIED without prejudice.

    **I.    LEGAL STANDARD**

    In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not

limited to the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion."  *Id.*  (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).  Courts may reject a proposed FLSA settlement where the parties do not provide the basis for the recovery figure or documentation supporting the reasonableness of the attorneys' fees, or if the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases.  *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), *cited with approval in Cheeks*, 796 F.3d at 205–06.

## II.   DISCUSSION

### A.   Range of Recovery

The proposed settlement agreement provides for a payment of $30,000, of which $19,488 would go directly to Armenta.  Doc. 29 at 2.  The parties note that this is within Armenta's anticipated range of recovery, which would have been between $12,000 and $20,000.  *Id.*  While this estimate may be correct, the Court "require[s] some evidence — e.g., declarations, affidavits or exhibits — to evaluate the settlement."  *Garcia v. Jambox, Inc.*, No. 14 Civ. 3504 (MHD), 2015 WL 2359502, at *3 (S.D.N.Y. Apr. 27, 2015) (emphasis added).  Without some proof of the parties' calculations, the Court cannot find that the range of the plaintiff's recovery is reasonable.  *Id.* at *3 (rejecting settlement for failing to include proof of range of recovery); *cf. Guinea v. Garrido Food Corp.*, No. 19 Civ. 5860 (BMC), 2020 WL 136643, at *2 (E.D.N.Y. Jan. 13, 2020) (declining to hold a damages inquest in FLSA action because plaintiff's "attorney had created a spreadsheet showing each element of damages recoverable, taking into account the different minimum wage levels throughout the employment period and plaintiff's varying hours and wages.").  For this reason, the Court will reject without prejudice the parties' application.

### B.     Other Provisions

If the parties submit calculations showing that the settlement amount is reasonable, however, the Court would find that the proposed attorneys' fees are reasonable as well. Armenta indicates that his attorneys would receive $10,000 in attorneys' fees and $512 in costs (which amounts to about 35% of the settlement fund). Doc. 29 at 2, Doc. 29-2 at 4. This amount is reasonable as a percentage, as "courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) (citation omitted).

Nonetheless, "even when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id.* "The lodestar amount is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Id.* (quoting *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11 Civ. 3186, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)).

The billing records submitted by counsel show an hourly rate of $400 per hour for Plaintiff's attorney. Doc. 29-2. This is within the reasonable range of fees approved in this District. *See, e.g.*, *Rodriguez v. 3551 Realty Co.*, No. 17 Civ. 6553 (WHP), 2017 WL 5054728, at *3 (S.D.N.Y. Nov. 2, 2017) (noting that a rate of $400 per hour for partners is reasonable); *see also Montes v. 11 Hanover Grp. LLC*, No. 17 Civ. 9376 (SDA), 2019 WL 4392516, at *2 (S.D.N.Y. Sept. 12, 2019) (reducing a partner's hourly rate to $400). Plaintiff's counsel and his assistant reasonably spent about 55 hours on this case, and the lodestar thus comes to $23,510.[1] Doc. 29 at 3, Doc. 29-2 at 5. This lodestar, compared to the requested $10,512 in fees and costs, results in a lodestar multiplier (net of fees) of approximately 0.45. This is reasonable, as "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439

---

[1] Counsel's assistant billed at a rate of $100 per hour.

(S.D.N.Y. 2014). Accordingly, the Court determines the $10,512 in fees and costs to be reasonable.

The Court also finds that the rest of the settlement agreement is reasonable. It includes no objectionable confidentiality provisions, and the release appropriately discharges only claims relating to this case. *See Nights of Cabiria*, 96 F. Supp. 3d at 177–81.

### III. CONCLUSION

While the settlement agreement is otherwise fair and reasonable, the Court cannot approve it unless the parties submit records showing a basis for the estimated range of recovery of $12-20,000. The parties are instructed to submit such records to the Court, or otherwise provide a status update, in one week, or by **May 18, 2021.**

It is SO ORDERED.

Dated:   May 11, 2021
         New York, New York

                                                    _____
                                                    EDGARDO RAMOS, U.S.D.J.